# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 223 | **DATE** | October 26, 2010 |
| **CASE TITLE** | Dennis Thompson, Jr. (B-67474) v. Elyea, et al. | | |

**DOCKET ENTRY TEXT:**

The Defendants' motion to dismiss [16] is granted. Counts 2, 3, and 4 of Plaintiff's complaint are dismissed. Plaintiff may proceed with his claim of deliberate indifference (Count 1) against Defendants Tarr, Terry, and Gomez. The Defendants shall answer claim 1 of Plaintiff's complaint or otherwise plead within 30 days of the date of this order.

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

Plaintiff Dennis Thompson, Jr. is currently incarcerated at Menard Correctional Center (B-67474). He filed this 42 U.S.C. § 1983 civil rights action against Stateville Officers Turner and Tarr and against Stateville Counselor Amy Gomez, asserting four claims about his placement in segregation while he was at Stateville. Plaintiff asserts the following: (1) the Defendants acted with deliberate indifference when, during his segregation confinement, they refused to provide him with his medications for lockjaw and an extracted abscessed tooth; (2) Plaintiff was kept in segregation for an additional 12 days beyond the 30-day investigatory period; (3) Plaintiff's was prevented from filing grievances; and (4) the Defendants denied him access to the courts. The Defendants have filed a motion to dismiss claims 2, 3, and 4. Plaintiff has responded. For the following reasons, the court grants the Defendants' motion and dismisses claims 2, 3, and 4. Plaintiff may proceed with claim 1 – that the Defendants acted with deliberate indifference to Plaintiff's medical needs while he was in segregation.

When reviewing a motion to dismiss, this court considers all well pleaded allegations to be true, as well as any inferences reasonably drawn therefrom. Although a complaint need only provide enough information to sufficiently give notice of the claim being alleged and the grounds upon which it rests, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a complaint must also "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 -77 (7th Cir. 2007). A complaint must do more than recite the elements of a cause of action, and mere labels and legal conclusions are insufficient. *Bell Atlantic*, 550 U.S. at 555. Nor must a court presume facts not alleged. *Id.* Additionally, if a plaintiff pleads facts demonstrating that he has no claim, a court may dismiss the complaint. *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

The Defendants argue: (1) there was no constitutional violation with Plaintiff's segregation because it was investigatory (as opposed to punitive) and the conditions therein were not extremely harsh; (2) his assertions that he was denied access to a grievance system does not state a claim because there is no constitutional right to file grievances; and (3) his allegations demonstrate that he was not denied access to the courts.
**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|

With respect to Plaintiff's segregation claim, he asserts that he was kept in segregation an additional 12 days beyond the 30-day period for an investigatory confinement. Plaintiff was placed in segregation while officials investigated whether he received cassettes illegally brought into the prison by prison officers. According to Illinois prison administrative rules, a prisoner may be held in segregation during the investigation of an offense. "In the event an investigation cannot be completed within 30 days . . . the Chief Administrative Officer ('CAO') may personally authorize, in writing, an extension . . ." 20 IL Admin. Code § 504.50(c)(7). According to Plaintiff, he was held in segregation for 42 days, but the CAO never extended the investigatory segregation confinement. The Defendants argue that Plaintiff's entire 42-day segregation confinement was investigatory and not punitive, and that conditions in segregation were not so harsh as to invoke constitutional concerns. The Defendants are correct.

Plaintiff's claim about the 12 additional days of confinement challenges the violation of a prison rule – the extension of his investigatory segregation without CAO authorization. However, the violation of a prison rule, by itself, does not give rise to a constitutional issue. *See Whitman v. Nesic*, 368 F.3d 931, 935 n. 1 (7th Cir. 2004); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (§ 1983 provides a remedy for constitutional violations, not violations of state statutes and regulations). Courts have held that confinement to segregation for 59 days, when done for investigatory purposes, does not, by itself, involve constitutional concerns. *Townsend v. Fuchs*, 522 F.3d 765, 767, 770 -71 (7th Cir. 2008). It is undisputed that Plaintiff was placed in segregation for investigatory reasons. Plaintiff does not allege that he was ever disciplined for the charge being investigated. Rather, he only challenges the extension of the investigatory segregation. The provisions of the Illinois Administrative Code do not indicate that an investigatory segregation converts to a punitive one if the inmate remains in segregation past the 30-day period without written CAO authorization. *See generally* 20 IL Admin. Code § 504.50. It appears clear from the pleadings that Plaintiff's entire segregation stay was investigatory and that Plaintiff's claim challenges only the violation of a state administrative rule, which does not state a § 1983 claim.

Alternatively, assuming that Plaintiff's additional 12-day segregation confinement was punitive, his segregation conditions were not that different from general population to invoke constitutional issues. In *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the Supreme Court determined that inmates have a liberty interest in avoiding placement within a prison in more restrictive conditions (like segregation) when those conditions pose an "atypical, significant deprivation" in comparison to the ordinary incidents of prison life. Plaintiff's response to the motion dismiss describes the conditions of his segregation confinement. He states that segregation is like a "jail within a jail," his arms were cuffed and his legs were shackled when he walked outside of his cell, he had limited commissary access, limited phone privileges, limited yard access, and no window in his cell except the food slot. (R. 20, Pl.'s Response, p.25.) Such conditions, however, do not render Plaintiff's 12 days of additional stay, or his 42-day segregation confinement for that matter, significantly serious. On several occasions, this court has had the opportunity to compare conditions of disciplinary segregation to those of general population and discretionary segregation at Stateville. *See Lekas v. Briley* 405 F.3d at 610 -611 (denial of access to prison educational and other programs, restricted movement outside of a cell; less access to outside yard; no ability to exercise; reduced commissary and visitation privileges; and less contact with people did not demonstrate conditions atypical from that of general population) (citing *Williams v. Ramos*, 71 F.3d 1246 (7th Cir. 1995); *Thomas v. Ramos*, 130 F.3d 754 (7th Cir. 1997). The conditions of Plaintiff's segregation confinement were not so severe as compared to those of the general population to involve constitutional issues. Although the court allowed Plaintiff's complaint to proceed on this claim, it is now clear from the pleadings that he cannot state a valid claim with the additional 12-day segregation confinement or, to the extent alleged, the conditions of his confinement during his entire time in segregation. Count 2 of Plaintiff's complaint is thus dismissed.

With respect to Plaintiff's third claim – that he was prevented from using Stateville's grievance system – the Defendants contend that Plaintiff has no constitutional right to a prison grievance. Again, the Defendants are correct. "A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate" *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir.2001). Although Plaintiff is
**(CONTINUED)**

correct that he must exhaust administrative remedies and utilize a prison grievance system before bringing his claim in this court, *see* 42 U.S.C. § 1997e(a), the lack of a grievance system or the failure of prison officials to adhere to a prison's grievance procedures does not give rise to a civil rights claim. *Massey*, 259 F.3d at 647; *see also* § 1997e(b) ("the failure of a State to adopt or adhere to an administrative grievance procedure shall not constitute the basis for an action under section 1997a or 1997c of this title"). Plaintiff's contention that Counselor Amy Gomez did not respond to Plaintiff's grievances about not getting medications gives rise to a claim that she acted with deliberate indifference, but not an independent constitutional claim that Plaintiff was denied access to a prison grievance system.

Accordingly, Count 3 of Plaintiff's complaint is dismissed, but Gomez remains a Defendant for Plaintiff's Count 1: that he was denied medication while he was in segregation.

With respect to Plaintiff's fourth claim – that he was denied access to the courts – the Defendants argue that Plaintiff fails to demonstrate how he was prejudiced. The Defendants are again correct. As alleged in Plaintiff's complaint and more fully explained in his response to the motion to dismiss, Plaintiff's claim that he was denied access to the courts is based upon him not having access to his legal materials while he was in segregation.

"[A]s to prisoners who claim they have been denied access to the courts, notice pleading requires plaintiffs to 'make specific allegations as to the prejudice suffered because of the defendants' alleged conduct.'" *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). A prisoner must allege how a defendant's actions prevented plaintiff from pursuing a nonfrivolous claim in court. *Id.*; *see also Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

Plaintiff's complaint makes only general assertions that he was denied access to the courts. (R. 1, Complaint, p.5f.) He elaborates on this claim in his response to the motion to dismiss. Plaintiff states that two weeks after he was placed in segregation, he learned that he "had lost a Court action which meant for approximately 25 days he was left to worry, ponder, and stress about what his next legal step would be and if he would make the deadline." (R. 20, Pl.'s Resp. to Motion to Dismiss, p.20.) Plaintiff indicates that, because he had no access to his legal materials, he had to file a pleading in state court that raised issues he had already presented. (*Id.* at p.19.) It appears that Plaintiff is referring to the Illinois Supreme Court's denial of his petition for leave to appeal, which occurred on January 28, 2009, and which his attorney sent him a letter about on February 9, 2009. (*Id.* at Exhs. 19a and 19b, copies of denial of PLA by Illinois Supreme Court and of letter from Pl.'s attorney.) Although Plaintiff states that he agonized over what his next legal step would be, he does not indicate that he was prevented from filing a nonfrivolous pleading or how he his case was prejudiced. (*Id.* at p.19-20.)

Plaintiff further indicates that there was a Seventh Circuit proceeding that was pending or that he would have initiated had he not been separated from his legal materials while in segregation. However, Plaintiff provides no details about the proceeding; he does not state how he was prejudiced; and he indicates that he was able to raise his claims in a subsequently filed pleading. (*Id.* at p.23.) Plaintiff also includes a copy of the state trial court's 9/15/09 denial of Plaintiff's successive state post-conviction petition. (*Id.* at Exh. 20.) However, there is no indication if or how this denial was affected by Plaintiff's segregation placement in January and February 2009.

Plaintiff's pleadings fail to demonstrate how any legal proceeding was prejudiced by his separation from his legal materials during his 42 days of segregation in January and February 2009. He has not stated a valid claim that he was denied access to the courts. The Defendants' motion to dismiss this claim is granted.

Accordingly, the Defendants' motion to dismiss is granted. Plaintiff's Counts 2, 3, and 4 are dismissed. Plaintiff may proceed with Count 1, which alleges that the Defendants acted with deliberate indifference to Plaintif's medical (dental) needs while he was in segregation. The Defendants shall respond to Count 1 within 30 days of he date of this order.